UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KIM ROUNDTREE,

    Plaintiff,

v.                             Case No: 2:18-cv-289-FtM-29CM

TGM MALIBU LAKES, LLC, TGM
ASSOCIATES, L.P., and TGM
CAR HOLDINGS I, LLC,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendants' Motion to Dismiss (Doc. #18) filed on June 25, 2018. Plaintiff filed a Response in Opposition (Doc. #19) on July 9, 2018. For the reasons set forth below, the Court grants defendants' Motion.

**I.**

Plaintiff Kim Roundtree (Plaintiff) filed an eight-count Amended Complaint (Doc. #13) against defendants TGM Malibu Lakes, LLC (Malibu), TGM Associates, L.P. (Associates), and TGM Car Holdings, I, LLC (Holdings) (collectively, Defendants). Plaintiff asserts claims against Malibu for violation of the Fair Housing Act, 42 U.S.C. § 3601 et seq. (Count I), violation of the Florida Fair Housing Act, Fla. Stat. §§ 760.20-760.37 (Count II), violation of the Florida Residential Landlord and Tenant Act, Fla. Stat. § 83.40 et seq. (Counts III, V, and VI), breach of lease (Count IV),

and negligence (Count VII). Plaintiff also asserts a claim against Associates and Holdings for vicarious liability (Count VIII).

According to the Amended Complaint (Doc. #13): On or about November 4, 2016, Plaintiff entered into a lease agreement with Malibu for the rental of an apartment in Naples, Florida (the Apartment). (Id. ¶¶ 18-19.) In June of 2017, Plaintiff observed a dark substance around the Apartment's air conditioning vents, which she suspected to be mold. (Id. ¶¶ 21-22.) On June 18, 2017, Plaintiff collected samples of the dark substance and sent them to a laboratory for testing; the laboratory's analysis indicated that two strains of mold were present in the Apartment. (Id. ¶¶ 22-23.)

On July 8, 2017, Plaintiff notified Malibu of the mold's presence in the Apartment. (Id. ¶ 24.) Plaintiff informed Malibu that the mold was especially harmful to Plaintiff because she suffers from Lupus and requested that Malibu move her to a different apartment without mold. (Id.) Malibu rejected Plaintiff's request and failed to remove the mold from the Apartment. (Id. ¶¶ 25, 26, 28, 30.) Plaintiff was then "forced to vacate the Apartment to protect her health and safety." (Id. ¶ 30.) After Plaintiff vacated the Apartment, Malibu "made unjustified demands against Plaintiff's security deposit" and charged Plaintiff a $3,140.00 early termination fee. (Id. ¶ 31.) This lawsuit followed.

Defendants now move to dismiss Count VIII against Associates and Holdings. Defendants argue Plaintiff failed to plausibly allege that Associates and Holdings are vicariously liable for the actions of their subsidiary corporation, Malibu.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).

3

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

Count VIII is a claim against Associates and Holdings for vicarious liability. Specifically, it asserts that Associates and Holdings "dominate and control the management of" Malibu, thus making them "vicariously liable for the conduct of" Malibu. (Doc. #13, ¶ 74.) Count VIII alleges that Associates and Holdings dominate and control Malibu because (1) Defendants "are managed as a single entity out of the same office in New York City"; (2) Defendants "share the TGM name as part of a singular marketing/branding regime"; (3) Holdings is the "sole member" of Malibu, and Associates is the "sole member" of Holdings; (4) Associates' general partner is an entity that shares the same principal address as Defendants; and (5) Defendants' daily operations "are not kept separate." (Id. ¶ 75.)

4

Defendants argue Count VIII should be dismissed because Plaintiff has not plausibly alleged that Associates and Holdings are vicariously liable for their subsidiary's actions. The Court agrees.

Under Florida law, "[a] parent corporation and its wholly-owned subsidiary are separate and distinct legal entities." Am. Int'l Grp., Inc. v. Cornerstone Businesses, Inc., 872 So. 2d 333, 336 (Fla. 2d DCA 2004). As separate legal entities, the "parent corporation is not liable for torts committed by its subsidiary . . . ." Id. To hold a parent company liable for its subsidiary's actions, a party must demonstrate "*both* that the [subsidiary] is a 'mere instrumentality' or alter ego of the [parent], and that the [parent] engaged in 'improper conduct' in the formation or use of the [subsidiary]." Bellairs v. Mohrmann, 716 So. 2d 320, 323 (Fla. 2d DCA 1998) (emphasis in original).

A subsidiary company is a mere instrumentality of its parent corporation when the parent controls and dominates the subsidiary. Church of Scientology of Cal. v. Blackman, 446 So. 2d 190, 192 (Fla. 4th DCA 1984). Control and domination over a subsidiary occurs when "the subservient corporation manifests no separate corporate interest of its own and functions solely to achieve the purposes of the dominant corporation." Id. (citation and quotation omitted). A parent's "ownership of all of the stock of a subsidiary" or its sharing "common officers and directors" with

5

the subsidiary is insufficient to demonstrate such control and domination. Unijax, Inc. v. Factory Ins. Ass'n, 328 So. 2d 448, 454 (Fla. 1st DCA 1976). Instead, control and domination is evidenced by "direct intervention in the subsidiary's affairs" or an "act of operation' [over] the subsidiary's business . . . ." Id. (internal quotation and citation omitted).

Improper conduct exists when "the [subsidiary] corporate entity was organized or operated for an improper or fraudulent purpose." Kanov v. Bitz, 660 So. 2d 1165, 1166 (Fla. 3d DCA 1995). This is established by a showing that "the corporation was a mere device or sham to accomplish some ulterior purpose . . . or [that] the [corporation's] purpose is to evade some statute or to accomplish some fraud or illegal purpose." Dania Jai-Alai Palace, Inc. v. Sykes, 450 So. 2d 1114, 1117 (Fla. 1984).

In this case, Plaintiff has not plausibly alleged that Malibu is a mere instrumentality of Associates and Holdings. While Plaintiff asserts that Associates and Holdings have common ownership of Malibu and that Defendants share the same office and have similar names, that is insufficient to plausibly allege that Associates and Holdings control and dominate Malibu. See Unijax, 328 So. 2d at 454. Plaintiff must additionally demonstrate that Associates and Holdings directly intervened in Malibu's affairs. Id.

6

Plaintiff has also failed to plausibly allege that Associates and Holdings engaged in "'improper conduct' in the formation or use of" Malibu. <u>Bellairs</u>, 716 So. 2d at 323. That is, Plaintiff has alleged no facts indicating that Malibu was formed as "a sham to accomplish some ulterior purpose" or that it was created "to accomplish some fraud or illegal purpose." <u>Sykes</u>, 450 So. 2d at 1117. Count VIII is therefore dismissed without prejudice.

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion to Dismiss (Doc. #18) is **GRANTED** and Count VIII is **dismissed without prejudice**.

2. Plaintiff may file a Second Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this 5th day of September, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record